UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT BROOKE, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-08-21 |
| SANDRA PALOKAS, ET AL., | : | (Judge McClure) |
| Defendants | : | |

## **MEMORANDUM**

January 11, 2008

**Background**

      Albert Brooke ("Plaintiff"), an inmate presently confined in the State Correctional Institution, Coal Township, Pennsylvania ("SCI-Coal Twp."), initiated this *pro se* civil rights action. Named as Defendants are Schuylkill County Pennsylvania Children and Youth Services ("CYS"); its unidentified Office Manager and three (3) additional CYS employees: Paralegal Sandra Palokas, Case Worker Lisa Hallinger and CPS[1] Investigator Nicole Curvey. Brooke is also proceeding against the Schuylkill County Clerk of Courts. See Record document no. 1, ¶ III. The complaint is accompanied by a request for leave to proceed *in forma pauperis*. For the reasons

---

1. Presumably, the Plaintiff is referring to Child Protective Services ("CPS").

set forth below, Brooke's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C.§ 1915(g).

Brooke initially alleges that the Defendants, with the exception of Curvey and the Clerk of Courts, violated his constitutional rights over the past five (5) years by failing to respond to his letters seeking the "necessary paperwork to get an attorney." Id. at ¶ IV(1). Plaintiff additionally maintains that the Clerk of Courts denied him access to the courts by refusing to file his paperwork. His complaint also contends that despite his four (4) requests, Defendant Curvey refused to provide him with "a copy of abuse report" and thus prevented him from establishing his innocence. Id. at ¶ (6). He next claims that all the Defendants, with the exception of the Clerk of Court, forged evidence which was used against him in his criminal trial, prevented vital witnesses from testifying, interfered with his parental rights, and engaged in a conspiracy for the purpose of keeping him in prison. As relief, Brooke seeks monetary damages for the purported denial of his equal protection and due process rights.

**Discussion**

Under § 1915(g), a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated
> or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless
> the prisoner is under imminent danger of serious
> physical injury.

Brooke, while incarcerated, previously initiated the following civil actions which were dismissed by this Court under 28 U.S.C. § 1915 as being frivolous: Brooke v. Luzerne County Prison, et. al., Civil No. 4:94-CV-1024 (M.D. Pa. July 26, 1994)(complaint *sua sponte* dismissed as frivolous); Brooke v. Bott, Civil No. 4:94-CV-453 (M.D. Pa. April 25, 1994)(*sua sponte* dismissal on grounds that complaint is frivolous); Brooke v. Carbon County Children & Youth, et al., Civil No. 4:94-CV-1203 (M.D. Pa. Aug. 15, 1994)(complaint *sua sponte* dismissed as frivolous); Brooke v. Urbanski, Civil No. 4:94-1205, (M.D. Pa. Aug. 15, 1994)(*sua sponte* dismissal on the basis of frivolousness).

The gist of Plaintiff's present complaint is his contention that the purported conduct of the Defendants over the past five (5) years has resulted in his ongoing, purportedly improper, imprisonment.  The alleged unconstitutional conduct does not place this inmate in danger of imminent "serious physical injury" at the time his complaint was filed on January 3, 2008.  See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001), cert. denied, 533 U.S. 953 (2001).  Pursuant to the standards announced in §1915(g), Brooke's present civil rights action will be deemed barred under § 1915(g).

It is also noted that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  As noted above, Brooke indicates that his ongoing imprisonment was caused by the Defendants' alleged constitutional misconduct. Thus, his present complaint is clearly challenging the legality of his ongoing state

3

confinement, an assertion which is not properly raised in a civil rights complaint.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997).

Moreover, Brooke's request for monetary damages based upon his alleged unconstitutional imprisonment is premature because he cannot maintain a cause of action for damages until the basis for his ongoing confinement has been rendered invalid.  See  Heck v. Humphrey, 512 U.S. 477 (1994).[2]  An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

2.   In Heck, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT BROOKE, | : |
| Plaintiff | : |
| v. | : CIVIL NO. 4:CV-08-21 |
| SANDRA PALOKAS, ET AL., | : |
| Defendants | : (Judge McClure) |

## **ORDER**

January 11, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

   s/ James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge